# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP1049-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Sharon A. Riek, Attorney at Law: |
| | Office of Lawyer Regulation,<br>        Complainant-Appellant,<br>    v.<br>Sharon A. Riek,<br>        Respondent-Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST RIEK

| | |
|---|---|
| OPINION FILED: | July 23, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 26, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the complainant-appellant, there were briefs by *Jonathan E. Hendrix* and the *Office of Lawyer Regulation*, and oral argument by *Jonathan E. Hendrix*.

For the respondent-respondent, there was a brief by *Martin E. Kohler* and *Geoffrey R. Misfeldt* and *Kohler and Hart, S.C.*, Milwaukee, and oral argument by *Geoffrey R. Misfeldt*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2011AP1049-D

STATE OF WISCONSIN  :  IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Sharon A. Riek, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant-Appellant,**

**v.**

**Sharon A. Riek,**

**Respondent-Respondent.**

**FILED**

**JUL 23, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Complaint dismissed.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) appeals a referee's decision recommending the court dismiss a disciplinary complaint alleging that Attorney Sharon A. Riek violated SCR 20:3.8(f)(1) and Wis. Stat. § 971.23(1)(h) (2007-08),[1] made actionable via SCR 20:8.4(f). We agree with the referee's conclusion that Attorney Riek did not violate the aforementioned rules. Accordingly, the complaint is dismissed.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2007-08 version unless otherwise indicated.

¶2 Attorney Riek is an assistant district attorney in Racine County. She was licensed to practice law in Wisconsin in 1986. In 1999 Attorney Riek accepted a consensual private reprimand for failing to correct a false statement made to a court by her witness. Private Reprimand, No. 1999-25.

¶3 This disciplinary matter stems from Attorney Riek's allegedly belated disclosure of certain information obtained during the prosecution of Tyrone Smith (Smith).

¶4 On August 18, 2008, Smith was arrested for possession of marijuana discovered in his vehicle during a traffic stop. At the time, Smith was on extended supervision for possession with intent to deliver cocaine. Isaiah Simpson (Simpson) was a passenger in the vehicle during the stop.

¶5 On August 19, 2008, the Racine County district attorney's office charged Smith with possession of marijuana as a repeat offender. Attorney Riek was assigned to prosecute Smith's case. Smith's supervising agent, Agent Leah Zeni, began proceedings to revoke Smith's extended supervision. Attorney Mark Lukoff was appointed to represent Smith in both the revocation proceeding and the marijuana possession case.

¶6 On August 22, 2008, Simpson, the passenger in the vehicle, informed Agent Zeni that the marijuana found in the vehicle belonged to him, not to Smith. Agent Zeni told Simpson to report this information to the Racine County district attorney's office and advised Attorney Lukoff of Simpson's confession.

2

¶7 Meanwhile, on September 4, 2008, the circuit court held a preliminary hearing in Smith's marijuana possession case. After that hearing, Smith's attorney filed a demand for discovery and inspection with the court and served it upon Attorney Riek. The discovery demand included a routine demand that the State "[d]isclose to defendant any exculpatory evidence." See Wis. Stat. § 971.23(1)(h).

¶8 Attorney Lukoff received a copy of Simpson's statement to Agent Zeni before Smith's revocation proceeding. At Smith's revocation hearing on October 15, 2008, Agent Zeni entered Simpson's confession into evidence. Smith based his defense at the revocation hearing on Simpson's confession.

¶9 On October 27, 2008, the administrative law judge (ALJ) declined to revoke Smith's extended supervision, stating, "Based on Mr. Simpson's statement, I find insufficient credible evidence to attribute the marijuana to Mr. Smith."

¶10 Agent Zeni appealed the ALJ's decision, stating, inter alia:

> [A]fter providing his statement, [Isaiah] Simpson was instructed by this agent to go to the Racine District Attorney's office and provide a signed affidavit admitting the marijuana in the vehicle was his. At the time of the Final Revocation hearing, Mr. Simpson failed to go to the Racine District Attorney's office . . . .

The Division of Hearing and Appeals sustained the ALJ's decision on November 13, 2008, noting that "[i]t is also clear that Smith's friend, [Isaiah] Simpson, brought the marijuana into Smith's car."

¶11 In early November 2008, Simpson did go to the Racine County district attorney's Office where he met with District Attorney Michael E. Nieskes (D.A. Nieskes) and informed D.A. Nieskes that the marijuana found in Smith's vehicle belonged to him, not to Smith. As a result of that November meeting, D.A. Nieskes wrote a note (the Simpson Note) that stated, "[Isaiah] Simpson 1010 Park Ave 637-9029 states that the dope is his not Tyrone [Smith's]."

¶12 The Simpson Note was not a sworn statement. It was unsigned and undated. Later that morning, D.A. Nieskes told Attorney Riek about his meeting with Simpson and gave her the Simpson Note. Attorney Riek recalls being advised of Simpson's statement to D.A. Nieskes but she does not recall receiving the Simpson Note.

¶13 On November 7, 2008, Attorney Riek asked the Racine County sheriff's department to investigate Simpson's statement that the marijuana belonged to him. The Racine County sheriff's department had difficulty contacting Simpson.

¶14 Meanwhile, Attorney Lukoff's own investigator was also trying to contact Simpson. In January 2009 Attorney Lukoff's investigator spoke with Simpson. Simpson told Attorney Lukoff's investigator that the marijuana was his, not Smith's.

¶15 On February 5, 2009, Attorney Lukoff sent Attorney Riek a witness list that included Simpson. Attorney Lukoff enclosed Simpson's written statement to Agent Zeni and the defense investigator's summary of the January meeting with Simpson.

¶16 On March 26, 2009, Attorney Lukoff personally met with Simpson in preparation for Smith's trial. During this meeting, Attorney Lukoff learned, for the first time, that Simpson had met with D.A. Nieskes. Attorney Lukoff promptly sent a letter to Attorney Riek, by facsimile, asking for a copy of any information Simpson provided to D.A. Nieskes.

¶17 The next day, March 27, 2009, now four days before Smith's trial, Attorney Riek sent Attorney Lukoff a copy of the Simpson Note. Her cover letter included the statement that, "[a]s I indicated to you earlier today, based upon this note, I sent a request to the Racine County Sheriff's Department to have them follow up on this information and Isaiah Simpson declined to cooperate and provide a statement." Attorney Riek later told the OLR that she found the Simpson Note among unrelated papers on her desk on or about March 26, 2009.

¶18 Smith's trial was scheduled to commence on March 31, 2009. When Simpson arrived for the trial that day, Attorney Riek directed a law enforcement officer to interview him. Simpson again admitted the marijuana was his, not Smith's.

¶19 Attorney Riek then moved to dismiss Smith's case. The criminal charges against Smith were dismissed on March 31, 2009, prior to the commencement of trial.

¶20 On May 9, 2011, the OLR filed a disciplinary complaint against Attorney Riek alleging that by failing to promptly provide the defense with exculpatory information concerning a third party's admission of possessing marijuana that Smith was charged with possessing, Attorney Riek violated SCR 20:3.8(f)(1)

and Wis. Stat. § 971.23(1)(h), enforceable via SCR 20:8.4(f). The OLR sought a public reprimand and imposition of costs.

¶21 Referee Michael Dubis was appointed and discovery ensued. Both parties moved for summary judgment.

¶22 On August 6, 2012, Referee Dubis issued a report recommending summary judgment in favor of Attorney Riek. The referee found that the exculpatory information at issue was already in possession of the defense at least as early as October 15, 2008, the date of Smith's revocation hearing, some five months prior to trial. Notably, the referee determined that a prosecutor's ethical duty under SCR 20:3.8(f) is consistent with the constitutional requirements imposed pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The referee stated that SCR 20:3.8 "must include Brady's materiality standard. To hold otherwise would be to require disclosure of favorable evidence without regard to that evidence's significance and no matter how many times the defense has already heard/received the same." The referee concluded that Attorney Riek did not violate either SCR 20:3.8(f)(1) or Wis. Stat. § 971.23(1)(h) and recommended this court dismiss the disciplinary complaint.

¶23 The OLR appeals. The OLR maintains that Attorney Riek violated two separate legal standards, SCR 20:3.8(f)(1) and Wis. Stat. § 971.23(1)(h). The OLR challenges, on appeal, the

referee's interpretation of SCR 20:3.8(f)(1). Oral argument was conducted on February 26, 2013.[2]

¶24 We will affirm a referee's findings of fact unless they are clearly erroneous. In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review a referee's conclusions of law de novo. Id.

¶25 We first consider whether Attorney Riek violated SCR 20:3.8(f)(1). This inquiry requires us to consider the nature and scope of prosecutors' disclosure obligations under both constitutional and ethical standards.

¶26 Federal court decisions and decisions of this court establish constitutional minimums related to a prosecutor's pre-trial disclosure obligations. In Brady the U.S. Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Subsequent decisions clarify that evidence is "material . . . if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). Thus, simply "showing that the prosecution knew of an item of favorable evidence unknown to the

---

[2] After oral argument the Wisconsin District Attorneys Association filed a motion seeking permission to file an amicus brief supporting Attorney Riek. The OLR opposed the motion because it was untimely. By order dated March 12, 2013, this court denied the motion.

defense does not amount to a <u>Brady</u> violation, without more." <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995); <u>see also</u> <u>Bagley</u>, 473 U.S. at 675 n.7 ("[A] rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments.").

¶27 Attorney Riek is accused of violating SCR 20:3.8(f)(1), an ethics rule, which provides:

> A prosecutor, other than a municipal prosecutor, in a criminal case or a proceeding that could result in the deprivation of liberty shall:
>
> (1) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal; . . . .

The parties agree that because SCR 20:3.8(f)(1) includes evidence and information, disclosure under SCR 20:3.8(f)(1) does not depend on the admissibility of the exculpatory information.

¶28 The OLR contends that a prosecutor's ethical duty of disclosure under SCR 20:3.8(f)(1) is broader than the constitutional requirements identified in <u>Brady</u>.  The OLR contends SCR 20:3.8(f)(1) requires disclosure of favorable evidence or information without regard to its "materiality" or to whether the State had exclusive possession or control of the evidence or information.

¶29 We reject the OLR's proffered interpretation of SCR 20:3.8(f)(1). This court adopted the current version of SCR 20:3.8(f) in 2006 as part of a comprehensive review of the Wisconsin Rules of Professional Conduct for Attorneys. See Sup. Ct. Order No. 04-07, 2007 WI 4 (issued Jan. 5, 2007, eff. July 1, 2007).[3] We discussed proposed changes to SCR 20:3.8 at several public hearings and open conferences prior to our 2006 rules revision. The ABA adopted numerous changes to the Model Rules as a result of Ethics 2000; however, it made no substantive changes to the text of the Model Rule implicated here, Model Rule 3.8(d), that correlates with our SCR 20:3.8(f). Indeed, during Ethics 2000 the ABA expressly "decided against attempting to explicate the relationship between [Model Rule 3.8(d)] . . . and the prosecutor's constitutional obligations under Brady and its progeny." See Kirsten M. Schimpff, Rule 3.8, The Jencks Act, and How the ABA Created a Conflict Between Ethics and The Law on Prosecutorial Disclosure, 61 Am. U. L. Rev. 1729, 1756 (August, 2012) (citing Margaret Colgate Love, The Revised ABA Model Rules of Professional Conduct: Summary of the Work of Ethics 2000, 15 Geo. J. Legal Ethics 441, 469 (2002)).

---

[3] The proposal to revise Wisconsin's Rules of Professional Conduct for Attorneys had its origins in the American Bar Association's (ABA) Commission on Evaluation of the Rules of Professional Conduct, which undertook a comprehensive study and evaluation of the ABA Model Rules of Professional Conduct, commonly referred to as "Ethics 2000." Subsequently, most states, including Wisconsin, undertook a review of their own rules of professional conduct to determine whether similar revisions should be made.

¶30 In 2009 the ABA's Standing Committee on Legal Ethics and Professional Responsibility rendered Formal Opinion 09-454 (hereinafter "ABA Opinion"). This ABA Opinion, issued after we adopted SCR 20:3.8, asserts that a prosecutor's ethical duty under Model Rule 3.8(d) is broader in scope than the constitutional requirements under Brady. ABA Comm. on Legal Ethics & Prof'l Responsibility, Formal Op. 09-454 (2009) at 1. The ABA Opinion contends that the ethical obligation imposed by Rule 3.8 is more demanding than constitutional obligations because it requires disclosure of evidence or information favorable to the defense without regard to the anticipated impact of the evidence or information on a trial's outcome.

¶31 As to materiality, the ABA Opinion notes:

> A prosecutor's constitutional obligation extends only to favorable information that is "material," i.e., evidence and information likely to lead to an acquittal. . . . Rule 3.8(d) does not implicitly include the materiality limitation recognized in the constitutional case law. The rule requires prosecutors to disclose favorable evidence so that the defense can decide on its utility.

Id. at 2 (footnote omitted). The ABA Opinion also declares that disclosure must be made "as soon as reasonably practical" once the information is known to the prosecutor. Id. at 6.

¶32 The OLR urges us to follow this reasoning and to explicitly construe SCR 20:3.8(f)(1) to impose ethical obligations on prosecutors that transcend the requirements of Brady. The OLR notes that the North Dakota Supreme Court has

adopted this reasoning. See Disciplinary Board v. Feland, 820 N.W.2d 672 (N.D. 2012).

¶33 The ABA Opinion, however, has not been universally adopted; indeed, it has received some pointed criticism. See, e.g., Schimpff, supra at 1767. Some jurisdictions explicitly align their ethics rules on prosecutorial disclosure with federal constitutional standards. See, e.g., D.C. Rules Prof'l Conduct R. 3.8 cmt. 1 (2012) (clarifying that their comparable ethics rule "is not intended either to restrict or to expand the obligations of prosecutors derived from the United States Constitution, federal or District of Columbia statutes, and court rules of procedure."); see also N.C. Rules Prof'l Conduct 3.8(d) (2012) (requiring timely disclosure of "all evidence or information required to be disclosed by applicable law, rules of procedure, or court opinions.").

¶34 After the issuance of the ABA Opinion, several jurisdictions rendered decisions construing their equivalent of SCR 20:3.8(f) consistent with the requirements of Brady and its progeny. See, e.g., Disciplinary Counsel v. Kellogg-Martin, 923 N.E.2d 125 (Ohio 2010); see also In re Jordan, 913 So. 2d 775 (La. 2005); In re Attorney C., 47 P.3d 1167 (Colo. 2002).

¶35 We do the same here. Adopting the OLR's interpretation would impose inconsistent disclosure obligations on prosecutors. Indeed, the ABA Opinion describes several hypothetical scenarios where a prosecutor could fully comply with the constitutional obligations the Court has outlined under

<u>Brady</u>, but still be in violation of the Model Rule.[4]  Disparate standards are likely to generate confusion and could too easily devolve into a trap for the unwary.

¶36 Under conflicting standards, prosecutors would face uncertainty as to how to proceed and could face professional discipline for failing to disclose evidence even when applicable constitutional law does not require disclosure of the same evidence.  The practical effect——disclosing evidence to avoid disciplinary sanctions——could effectively expand the scope of discovery currently required of prosecutors in criminal cases. <u>See, e.g.</u>, <u>Kellogg-Martin</u>, 923 N.E.2d at 130.  A broader interpretation also invites the use of the ethics rule as a tactical weapon in litigation, contrary to our stated intent in SCR Chapter 20 (Preamble, cmt. 20).  What better way to interfere with law enforcement efforts than to threaten a prosecutor with a bar complaint? <u>See, e.g.</u>, Brief for National District Attorneys Association as Amicus Curiae at 14, <u>Smith v. Cain</u>, ___ U.S. ___, 132 S. Ct. 627 (2012) (No. 10-8145).  Prosecutors should not be subjected to disciplinary proceedings for complying with legal disclosure obligations.  We thus construe the ethical mandate of SCR 20:3.8(f)(1) in a manner

---

[4] For example, the ABA Opinion declares that disclosure must be made "as soon as reasonably practical" once the information is known to the prosecutor.  Supreme court rule 20:3.8(f)(1) requires counsel to "make timely disclosure," which has been interpreted to mean the disclosure must be made within a reasonable time before trial. <u>State v. Harris</u>, 2004 WI 64, 272 Wis. 2d 80, 680 N.W.2d 737.

consistent with the scope of disclosure required by the United States Constitution, federal or Wisconsin statutes, and court rules of procedure.

¶37 We turn to the OLR's alternative claim that Attorney Riek's conduct nonetheless violates SCR 20:3.8(f)(1) because the information at issue here was material. The referee stated:

> By the time the [Simpson] Note was created in early November of 2008, the information found in this note was cumulative and immaterial as the note contained information that was already in possession of the defense at least as early as October 15th, 2008, about 5 months prior to trial.

The OLR objects to this determination, stating:

> First, the plain language of the ethical rule does not contain an exception for cumulative evidence. Second, it overlooks an additional piece of information at issue: that Simpson had made a confession to the District Attorney himself. It was this piece of information which made District Attorney Nieskes a potential witness in the criminal case against Smith, and needed to be disclosed. (Emphasis in original.)

¶38 The OLR is correct that SCR 20:3.8(f)(1) does not contain an explicit exception for cumulative evidence. However, the referee's determination that Simpson's statement to D.A. Nieskes was cumulative is relevant to assessing its materiality. Simpson repeated his confession to at least five different people during the course of the Smith criminal proceeding. The referee thus determined that the statement to D.A. Nieskes was not material to the outcome of Smith's proceeding. We agree.

¶39 Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

13

<u>Bagley</u>, 473 U.S. at 682. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> We have stated:

> [With this test,] the reviewing court may consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case. The reviewing court should assess the possibility that such effect might have occurred in light of the totality of the circumstances and with an awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response.

<u>State v. Harris</u>, 2004 WI 64, ¶14, 272 Wis. 2d 80, 680 N.W.2d 737 (quoting <u>Bagley</u>, 473 U.S. at 683).

¶40 The OLR emphasizes the fact that the confession at issue was made to a district attorney. Under the facts presented, we deem this a distinction without a difference. The defense was already well aware that Simpson claimed the marijuana as his own. Some five months previously, in October 2008, an ALJ had declined to revoke Smith's extended supervision based in large part on Simpson's confession. We perceive no material significance in the fact that he included a district attorney among the various persons to whom he freely admitted ownership of the marijuana.

¶41 Nor do we perceive any adverse impact on the defense. The OLR also offers a rather tortured scenario in which it posits that if Attorney Riek had failed to disclose to the defense the fact of Simpson's confession to D.A. Nieskes there might have been an adverse result for Smith if Simpson or other

14

defense witnesses to whom Simpson confessed failed to appear for trial. The reality, however, is that before trial, Attorney Riek did disclose to the defense the Simpson Note and confession to D.A. Nieskes. Simpson did appear at trial, whereupon Attorney Riek directed her investigator to question him. Upon receiving confirmation that Simpson still accepted responsibility for the marijuana, Attorney Riek moved for dismissal of the charges against Smith. On these facts, there is no evidence of record that Smith was adversely affected by any arguable delay in disclosing one of several substantively identical confessions to the defense four days in advance of trial. We therefore accept the referee's conclusion that Attorney Riek did not violate SCR 20:3.8(f)(1).

¶42 The OLR also accuses Attorney Riek of violating a rule of criminal procedure that imposes disclosure obligations on prosecutors. Wisconsin Stat. § 971.23(1)(h) is entitled, "What A District Attorney Must Disclose To A Defendant" and provides:

> Upon demand, the district attorney shall, within a reasonable time before trial, disclose to the defendant or his or her attorney and permit the defendant or his or her attorney to inspect and copy or photograph all of the following materials and information, if it is within the possession, custody or control of the state:
>
> . . .
>
> (h) Any exculpatory evidence.

It is professional misconduct for a lawyer to violate a statute regulating the conduct of lawyers. SCR 20:8.4(f).

15

¶43 Wisconsin Stat. § 971.23(1)(h) requires prosecutors to disclose information within the State's possession "within a reasonable time before trial." This is defined to mean that a prosecutor must disclose exculpatory evidence "within a sufficient time for its effective use." See Harris, 272 Wis. 2d 80, ¶37. The question is not whether it would have been prudent or preferable for Attorney Riek to have disclosed the statement to D.A. Nieskes sooner. The question is whether she violated the statute by disclosing the information to the defense four days before a trial that never occurred.

¶44 The record is devoid of evidence that Attorney Riek's alleged delay in producing the Simpson Note and disclosing the fact of Simpson's discussion with D.A. Nieskes was intentional or done for any strategic purpose. Mindful of the voluminous caseloads managed by most prosecutors, we are unwilling to rule that Attorney Riek's disclosure of essentially duplicative information four days in advance of an apparently routine marijuana possession case ran afoul of her ethical and procedural obligations as a prosecutor.

¶45 We note, moreover, that even where a prosecutor does fail to disclose exculpatory evidence in violation of Brady, a single inadvertent failure does not necessarily constitute an ethical violation. Negligence and ethical misconduct are not necessarily synonymous. Most courts and official ABA policy agree that a single instance of "ordinary negligence" may trigger other adverse consequences and possible sanctions but does not usually constitute a disciplinary violation warranting

16

public discipline. See, e.g., <u>In re Conduct of Gygi</u>, 541 P.2d 1392, 1396 (Or. 1975) (stating "we are not prepared to hold that isolated instances of ordinary negligence are alone sufficient to warrant disciplinary action."); <u>Attorney Grievance Comm'n of Maryland v. Kemp</u>, 641 A.2d 510, 518 (1994) ("While we do not condone, and certainly do not encourage, attorney negligence or carelessness in the handling of client affairs, neither do we routinely treat negligence or carelessness as a violation of the Rules of Professional Conduct."). Prosecutors should certainly be mindful of their disclosure obligations, but the possibility of a grievance proceeding should not permeate every discovery dispute in criminal cases. See <u>Attorney C.</u>, 47 P.3d at 1173-74.

¶46 We accept the referee's conclusion that Attorney Riek's conduct did not violate SCR 20:3.8(f)(1) or Wis. Stat. § 971.23(1)(h), made actionable via SCR 20:8.4(f), and we dismiss the complaint.

¶47 IT IS ORDERED that the disciplinary complaint filed against Attorney Sharon A. Riek is dismissed. No costs.

1