IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 30, 2019 Session

## IN RE: PETITION TO STAY THE EFFECTIVENESS OF FORMAL ETHICS OPINION 2017-F-163



### No. M2018-01932-SC-BAR-BP

The Tennessee District Attorneys General Conference ("TNDAGC") filed with this Court a petition to vacate Formal Ethics Opinion 2017-F-163 ("Opinion") issued by the Board of Professional Responsibility ("Board") regarding ethical considerations for prosecutors under Rule 3.8(d) of the Tennessee Rules of Professional Conduct. The TNDAGC also requested that the Court stay the effectiveness of the Opinion pending review. This Court determined that a full and deliberate review of the issues was necessary and granted a stay of the effectiveness of the Opinion. Based on our review, we decline to interpret a prosecutor's ethical duty under Rule 3.8(d) as being more expansive than one's legal obligations under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny, or that "timely" disclosure of the material should be interpreted as "as soon as reasonably practicable." Accordingly, we vacate Formal Ethics Opinion 2017-F-163 of the Board of Professional Responsibility. We also take this opportunity to interpret Rule 3.8(d) as coextensive in scope with a prosecutor's legal obligations under Brady and its progeny, as explained in this opinion.

### Formal Ethics Opinion 2017-F-163 of the Board of Professional Responsibility Vacated

JEFFREY S. BIVINS, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Brian S. Faughnan, for the petitioner, Tennessee District Attorneys General Conference.

Sandra Jane Leach Garrett, Chief Disciplinary Counsel, for the respondent, Board of Professional Responsibility.

Rod J. Rosenstein, Deputy Attorney General; Donald Q. Cochran, United States Attorney for the Middle District of Tennessee; D. Michael Dunavant, United States Attorney for

the Western District of Tennessee; and J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, for amicus curiae, the United States of America.

Stephen Ross Johnson and Elizabeth Ford, Knoxville, Tennessee; Jonathan Harwell and Henry Martin, Nashville, Tennessee; and Doris Randle-Holt, Memphis, Tennessee, for amici curiae, the Tennessee Association of Criminal Defense Lawyers, the National Association of Criminal Defense Lawyers, and the three Federal Public Defenders for the Eastern, Middle, and Western Districts of Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Zachary T. Hinkle, Assistant Attorney General, for amicus curiae, the Attorney General & Reporter of the State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On March 15, 2018, the Board issued Formal Ethics Opinion 2017-F-163 to clarify the language in Rule 3.8(d)[1] of the Tennessee Rules of Professional Conduct, which pertains to a prosecutor's duty of disclosure of information to a criminal defendant. The Opinion states that the Board "has been requested to issue a Formal Ethics Opinion regarding the Prosecutors' Ethical Obligations to Disclose Information Favorable to the Defense." The Opinion addressed the following two questions:

I. Does a prosecutor's duty under RPC 3.8(d) to disclose to the defense "all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense" and in connection with sentencing, "all unprivileged mitigating information known to the prosecutor" extend beyond the "material" standard as construed by federal or state constitutional decisions?

II. What constitutes "timely disclosure" under RPC 3.8(d)?

---

[1] The text of Rule 3.8(d) states that a

prosecutor in a criminal case . . . shall make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal[.]

Tenn. Sup. Ct. R. 8, RPC 3.8(d).

2

The Opinion then provided the following answers in conclusion:

Tennessee Rule of Professional Conduct 3.8(d) is a separate ethical obligation of prosecutors and was not meant to be coextensive with a prosecutor's legal disclosure obligations. This ethical duty is separate from disclosure obligations imposed under the Constitution, statutes, procedural rules, court rules, or court orders. A prosecutor's ethical duty to disclose information favorable to the defense is broader than and extends beyond Brady. Once a prosecutor knows of evidence and information that tends to negate the guilt of the accused, or mitigates the offense, or otherwise falls within RPC 3.8(d)'s disclosure requirement, the prosecutor ordinarily must disclose it as soon as reasonably practicable.

On June 4, 2018, following the Board's adoption of the Opinion, the United States Attorneys for the Middle, Western, and Eastern Districts of Tennessee requested reconsideration and withdrawal of the Opinion. The U.S. Attorneys requested permission to appear before the Board at its September 2018 meeting. Subsequently, the Board requested written statements from the Tennessee District Public Defenders Conference and the U.S. Federal Public Defenders and asked for a representative from these entities to speak at the September 2018 Board meeting. Additionally, the Board allowed presentations at the September 2018 Board meeting from representatives of the TNDAGC, the U.S. Attorneys for the Middle, Western, and Eastern Districts of Tennessee, and the Tennessee Association of Criminal Defense Lawyers. Following the presentations at the September 2018 Board meeting, the Board appointed a committee to review the Opinion and make a recommendation to the Board. On October 31, 2018, four members of the committee voted to recommend to the Board that the Opinion not be altered or rescinded. One member of the committee did not concur in the recommendation and instead would have recommended that the Board rescind the Opinion.

On October 23, 2018, the TNDAGC filed with this Court a petition to "stay the effectiveness of Formal Ethics Opinion 2017-F-163," pending the Board's review of the Opinion following the public hearing held on September 14, 2018. The TNDAGC requested that this Court stay the effectiveness of the Opinion until June 1, 2019, or upon the conclusion of the Board's evaluation process, whichever were to come sooner. The Board filed a response on November 5, 2018, stating that it would "hold in abeyance any recommended disposition by a Hearing Committee Member or the Board of any disciplinary complaint filed against a prosecutor wherein Formal Ethics Opinion 2017-F-163 is referenced in the complaint" until the Board reconsidered the Opinion.

On November 8, 2018, this Court granted the petition to stay as requested by the TNDAGC. On December 17, 2018, the Board filed a supplemental response, informing the Court that, "[a]t the Board's meeting on December 14, 2018, the full Board

3

considered the Ethics Committee's Report and Recommendation and voted to not alter or rescind Formal Ethics Opinion 2017-F-163." The TNDAGC filed a reply on December 19, 2018, informing the Court of its intent to file a Petition to Vacate the Formal Ethics Opinion and asking the Court to continue to stay the effectiveness of the Opinion.

On January 15, 2019, the TNDAGC filed a petition to vacate the Opinion 2017-F-163 and renewed its request that the Court stay the effectiveness of the Opinion. On February 4, 2019, this Court determined that public interest required a full and deliberate review of the issues raised, which would be furthered by delaying the effective date of the Opinion pending adjudication of this matter. Accordingly, this Court granted the TNDAGC's motion for stay, ordered additional briefing, and heard oral arguments on the petition to vacate.

## Analysis

As this Court stated in In re Youngblood,

> This Court's authority to consider the validity of formal ethics opinions is implicit in its rules and prior decisions. Rule 9 provides for the establishment and operation of the Board, which, as indicated by its full name, the Board of Professional Responsibility of the Supreme Court of Tennessee, is an agency of this Court. Tenn. R. Sup. Ct. 9, § 5. The responsibilities of the Board include the duty to "issue and publish Formal Ethics Opinions on proper professional conduct[.]" Tenn. R. Sup. Ct. 9, § 26.4(a). Jurisdiction to review these ethics opinions is grounded in the Court's inherent power to review the actions of its boards, commissions, and other agencies. . . .

> . . . .

> . . . This power to review is inherent in the grant from the sovereign to the Court, and the Court reaffirms its original and exclusive authority to formulate and enforce rules governing the practice of law. That authority includes the review of formal ethics opinions issued by the Board.

895 S.W.2d 322, 325 (Tenn. 1995). Furthermore, "The Court may in its discretion, upon application or upon its own initiative, consider the amendment, revision, or repeal of its rules and any interpretation or application thereof by its agencies." Id. at 326.

The TNDAGC objects to both of the conclusions provided in the Opinion: first, that the prosecutor has an ethical duty extending beyond one's constitutional obligations under Brady and its progeny; and second, that the prosecutor must disclose that

4

information "as soon as reasonably practicable." We will address each of the Opinion's conclusions in turn.

*History of Rule 3.8(d)*

An overview of the history of Rule 3.8(d) will be helpful in our review of the Opinion at issue. On October 9, 2000, the Tennessee Bar Association ("TBA") filed with this Court a petition to adopt the Tennessee Rules of Professional Conduct ("Rules") to replace what was then the Tennessee Code of Professional Responsibility. Proposed Tennessee Rules of Professional Conduct, M2000-02416-SC-RL-RL. Prior to 2000, the rule provision that addressed a prosecutor's ethical responsibilities was EC 7-13, which provided in part:

> The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. . . . With respect to evidence and witnesses, the prosecutor has responsibilities different from those of a lawyer in private practice; the prosecutor should make timely disclosure to the defense of available evidence, known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Further, a prosecutor should not intentionally avoid pursuit of evidence merely because he believes it will damage the prosecutor's case or aid the accused.

Tenn. Sup. Ct. R. 8, EC 7-13 (2000).

The proposed text for Rule 3.8(d), as provided in an exhibit to the TBA's petition, was verbatim what the Rule provides today and was identical to the corresponding American Bar Association ("ABA") Model Rule of Professional Conduct 3.8(d). The Court solicited comments from the bench, bar, and public on November 28, 2000. Of relevance to this case, the Court received two comments objecting to the language of Rule 3.8(d). The Tennessee District Attorneys General Conference worded the objection as follows:

> Proposed section (d) of this rule appears to track the Brady Rule requiring the disclosure of evidence known to the prosecutor which tends to negate the guilt of the accused or mitigate the offense, but goes further by requiring any mitigating evidence to be presented to the tribunal as well as defense counsel at sentencing. This goes beyond the Brady requirement. Prosecutors should be required to follow Brady by providing mitigating evidence to the defense lawyer who will then make the decision on whether to present it to the tribunal. Ethical rules should not be used to alter a lawyer's legal obligation.

5

Further, this amendment requirement is unnecessary. A prosecutor should not be subjected to ethical sanctions simply because the prosecutor presented it to the defense but failed to present it to the tribunal. This proposed rule would in effect create an additional right for defendants beyond those already afforded them by law.

The United States Attorneys for the Eastern, Middle, and Western Districts of Tennessee also objected on this ground.[2] The Board did not raise any objection to proposed Rule 3.8(d). In the TBA's Revised Final Report of its proposed draft of the proposed Rules, it modified proposed Rule 3.8(d) to state that a prosecutor in a criminal matter shall, "in connection with sentencing, disclose to the defense and, *if the defendant is proceeding pro se,* to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." (Emphasis added to show change). In its final report, the TBA included the following comment regarding the modification:

> In response to a comment from the [TNDAGC], and with its concurrence, the Committee has amended Paragraph (d) so that the disclosure of exculpatory evidence need only be made to the defense except when a defendant is proceeding pro se. In such a case, for the protection of the pro se defendant, the disclosure [at sentencing] must be made to both the defendant and the tribunal.

Thus, the TBA, in response to the objections above, changed the tribunal disclosure requirement to apply only to pro se defendants. Subsequently, the United States Attorneys for the Eastern, Middle, and Western Districts filed comments to the TBA's Final Revised Report, in which they stated the following as to the TBA's proposed revision to Rule 3.8(d): "Rule 3.8(d) as now proposed by the Committee essentially tracks the rule announced in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), requiring disclosure of certain exculpatory material and, accordingly, we

---

[2] The United States Attorneys' objection provided:

> Rule 3.8(d) essentially tracks the ruling announced in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), requiring disclosure of certain exculpatory material. The proposed rule, however, illogically and unnecessarily expands the Brady rule in one objectionable respect by requiring the mitigating evidence be disclosed not only to the defense attorney but also to the tribunal in connection with sentencing. The well-established standards under Brady already require that such information be disclosed to defense attorneys. The decision as to whether the client's interest is served by presenting the information at sentencing is best left to the attorney. The proposed rule is a substantial change in well-established standards, and such changes are best left to the courts, not in legislating rules but in deciding cases, and to the legislature. Restated, the Rules of Professional Conduct should not be used to make fundamental changes in prosecutorial legal obligations.

6

do not object." The Court enacted its new Rules on August 27, 2002, adopting substantially the same language as that provided in the TBA's Revised Final Report.

In 2010, again upon the petition of the TBA, this Court adopted comprehensive revisions to the Tennessee Rules of Professional Conduct. At that time, Rule 3.8(d) was revised[3] to the original version proposed in 2000, which is identical to the current language of the Rule.

*Prosecutor's Duty to Disclose*

With this backdrop in mind, we review the two conclusions provided by the Board in its Opinion. The TNDAGC first challenges the Opinion's requirement that a prosecutor must disclose "information favorable to the defense," rather than "information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense," as provided in Rule 3.8(d). The Board has conceded that the phrase "information favorable to the defense" is different from the language used in Rule 3.8(d) and thus potentially confusing. The Board, accordingly, expresses its willingness to replace all references of "information favorable to the defense" with "information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense" so that the Opinion's language in this regard would be identical to the language used in Rule 3.8(d).

Even with the above language mirroring that in Rule 3.8(d), the Opinion still provides that the rule provision's "ethical duty is separate from disclosure obligations imposed under the Constitution, statutes, procedural rules, court rules, or court orders," and that "[a] prosecutor's ethical duty to disclose information favorable to the defense is broader than and extends beyond Brady." Thus, it is necessary to determine further whether this Court agrees with the Opinion's interpretation of a prosecutor's ethical obligations under Rule 3.8(d).

In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985); see also Johnson v. State, 38 S.W.3d 52, 56 (Tenn. 2001) ("This Court has held on several occasions that in order to establish a Brady violation, four elements must be shown by the defendant: 1) that the defendant requested the information (unless

---

[3] The revision removed "if the defendant is proceeding pro se" from the language of disclosure to the tribunal at sentencing.

7

the evidence is obviously exculpatory, in which case the State is bound to release the information whether requested or not); 2) that the State suppressed the information; 3) that the information was favorable to the accused; and 4) that the information was material.").

Tennessee Rule of Criminal Procedure 16 also imposes obligations on a prosecutor for the disclosure of information to a criminal defendant. Additionally, the United States Supreme Court has stated in a footnote that "the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations." Cone v. Bell, 556 U.S. 449, 470 n.15 (2009) (citing Kyles v. Whitley, 514 U.S. 419, 437 (1995)). On July 8, 2009, the ABA issued Formal Opinion 09-454 ("ABA Opinion"), titled "Prosecutor's Duty to Disclose Evidence and Information Favorable to the Defense." The ABA Opinion states, in pertinent part,

> Rule 3.8(d) of the Model Rules of Professional Conduct requires a prosecutor to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, [to] disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor." This ethical duty is separate from disclosure obligations imposed under the Constitution, statutes, procedural rules, court rules, or court orders. Rule 3.8(d) requires a prosecutor who knows of evidence and information favorable to the defense to disclose it as soon as reasonably practicable so that the defense can make meaningful use of it in making such decisions as whether to plead guilty and how to conduct its investigation. Prosecutors are not further obligated to conduct searches or investigations for favorable evidence and information of which they are unaware.

ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 09-454, at 1 (2009). The Opinion presently at issue adopts much of the same analysis and interpretation of the rule provision as that provided in the ABA Opinion. The ABA Opinion, however, provides for a good faith exception, which is not present in the Board's Opinion. See id. at 6 n.26 ("If the prosecutor knows of the existence of evidence or information relevant to a criminal prosecution, the prosecutor must disclose it if, viewed objectively, it would tend to negate the defendant's guilt. However, a prosecutor's erroneous judgment that the evidence was not favorable to the defense should not constitute a violation of the rule if the prosecutor's judgment was made in good faith. Cf. Rule 3.8, cmt. [9].").

The TNDAGC argues that the Board's unwillingness to provide a good faith exception makes the Opinion all the more problematic. The Board, in response, states that it "has no objection to modifying the Opinion to make clear that the ethical responsibilities created by [Rule] 3.8(d) only apply to 'information known to the

prosecutor' as opposed to information known to the State and that all the circumstances, including a prosecutor's good faith, should be considered in determining a prosecutor's compliance with the Rules of Professional Conduct."

Similarly to the ABA Opinion, several courts have interpreted a prosecutor's ethical duty in that jurisdiction to extend beyond the obligations in Brady. See United States v. Walker, No. 17-cr-00570-EMC-1, 2018 WL 3023518, at *1 (N.D. Cal. June 18, 2018) ("In November 2017, a new California rule of professional conduct went into effect which goes beyond Brady."); United States v. Wells, No. 3:13-cr-00008-RRB-JDR, 2013 WL 4851009, at *4 (D. Alaska Sept. 11, 2013) ("Rule 3.8(b) is more demanding than the constitutional case law. The rule requires disclosure of evidence or information favorable to the defense without regard to anticipated impact of the evidence or information on the trial's outcome."); In re Kline, 113 A.3d 202, 210 (D.C. 2015) ("Thus, to the extent the Rule 3.8 commentary suggests a materiality test, we reject it. We see no logical reason to base our interpretation about the scope of a prosecutor's ethical duties on an ad hoc, after the fact, case by case review of particular criminal convictions."); Shultz v. Comm'n for Lawyer Discipline of the State Bar of Tex., No. 55649, 2015 WL 9855916, at *1 (Tex. Bd. of Disciplinary App. Dec. 17, 2015) ("We hold that the materiality standard under Brady does not apply to Rule 3.09(d). We further hold that failure to disclose information otherwise required by law to be disclosed, regardless of intent, constitutes unlawfully obstructing another party's access to evidence in violation of Rule 3.04(a)."); In re Disciplinary Action Against Feland, 820 N.W.2d 672, 678 (N.D. 2012) ("A prosecutor's failure to comply with the duties imposed by Rule 3.8(d) should not be excused merely because, based upon the other evidence presented at trial, the result in the case would have been the same. A prosecutor's ethical duty to disclose all exculpatory evidence to the defense does not vary depending upon the strength of the other evidence in the case. Accordingly, it has been recognized that a prosecutor's ethical obligation of disclosure under Rule 3.8(d) is broader than the duties imposed by Brady and Rule 16." (citations omitted)); see also N.Y. State Bar. Ass'n Comm. on Prof'l Ethics, Formal Op. 2016-3 (2016); Va. State Bar Comm. on Legal Ethics Op. 1862, (2012).

The Sixth Circuit examined a Brady issue in a federal habeas corpus case from Tennessee, determining that no Brady violation had occurred but noting that the prosecutor's failure to disclose "was a serious professional failing." Brooks v. Tennessee, 626 F.3d 878, 892 (6th Cir. 2010). The court stated, "Nevertheless, the Brady standard for materiality is less demanding than the ethical obligations imposed on a prosecutor." Id. (citation omitted). However, the Sixth Circuit relied on the Supreme Court's decision in Cone v. Bell, which stated in a footnote that a prosecutor's obligation "*may* arise more broadly under a prosecutor's ethical or statutory obligations" than what is provided under Brady and its progeny. Cone, 556 U.S. at 470 n.15 (emphasis added).

9

Other courts have interpreted their ethical rules as being coextensive with Brady obligations, mainly based on public policy reasons. See, e.g., In re Att'y C, 47 P.3d 1167, 1171 (Colo. 2002) ("Hence, the language of Crim. P. 16(I)(a)(2), Rule 3.8(d), and ABA Standard 3-3.11(a) is substantially identical. We have explicitly adopted a materiality standard with respect to our procedural rules, and we are disinclined to impose inconsistent obligations upon prosecutors. We therefore also adopt a materiality standard as to the latter, such that we read Rule 3.8(d) as containing a requirement that a prosecutor disclose exculpatory, outcome-determinative evidence that tends to negate the guilt or mitigate the punishment of the accused."); Disciplinary Counsel v. Kellogg-Martin, 923 N.E.2d 125, 130 (Ohio 2010) ("We decline to construe DR 7–103(B) as requiring a greater scope of disclosure than Brady and Crim. R. 16 require. Relator's broad interpretation of DR 7–103(B) would threaten prosecutors with professional discipline for failing to disclose evidence even when the applicable law does *not* require disclosure. This holding would in effect expand the scope of discovery currently required of prosecutors in criminal cases."); State ex rel. Okla. Bar Ass'n v. Ward, 353 P.3d 509, 520-22 (Okla. 2015) (interpreting their Rule 3.8(d) "in a manner consistent with the scope of disclosure required by applicable law"); In re Riek, 834 N.W.2d 384, 391 (Wis. 2013) ("Prosecutors should not be subjected to disciplinary proceedings for complying with legal disclosure obligations. We thus construe the ethical mandate of SCR 20:3.8(f)(1) in a manner consistent with the scope of disclosure required by the United States Constitution, federal or Wisconsin statutes, and court rules of procedure."); see also N.C. Rules of Prof'l Conduct 3.8(d) ("The prosecutor in a criminal case shall . . . after reasonably diligent inquiry, make timely disclosure to the defense of all evidence or information *required to be disclosed by applicable law, rules of procedure, or court opinions* including all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." (emphasis added)).

The Louisiana Supreme Court determined in In re Seastrunk, 236 So. 3d 509, 518-19 (La. 2017), that the duties in its ethical rule, akin to our Rule 3.8(d),[4] and the duties in

---

[4] Provided below is the Louisiana rule provision, emphasizing the only portion differing from Tennessee's rule provision:

The prosecutor in a criminal case shall:

(d) make timely disclosure to the defense of all evidence or information known to the prosecutor that *the prosecutor knows, or reasonably should know, either* tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal[.]

10

<u>Brady</u> are coextensive.  Noting several other jurisdictions coming to the same conclusion, the court stated,

>       As these other courts have found, under conflicting standards, prosecutors would face uncertainty as to how to proceed, as they could find themselves in compliance with the standard enumerated in <u>Brady</u>, but in potential violation of the obligation set forth in Rule 3.8(d).  In finding the obligations coextensive in Rule 3.8(d) and <u>Brady</u>, we decline to impose inconsistent disclosure obligations upon prosecutors, thereby eliminating confusion.
>
>       A broader interpretation of Rule 3.8(d) also invites the use of an ethical rule as a tactical weapon in criminal litigation.  We find the practical effect of this potential threat to be poor policy, and, again, decline to adopt the reasoning proffered by ODC.

<u>Id.</u> at 519 (footnotes omitted).

       We agree with the policy interests espoused in the line of cases determining their ethical rules for prosecutors as coextensive with the constitutional obligations under <u>Brady</u>.  To say that our ethical rules require prosecutors to consider different standards than their constitutional and legal requirements has the potential to bring about a myriad of conflicts.  <u>See</u> Michael D. Ricciuti, Caroline E. Conti & Paolo G. Corso, <u>Criminal Discovery: The Clash Between Brady and Ethical Obligations</u>, 51 Suffolk U. L. Rev. 399, 436 (2018) ("[H]aving two competing, mandatory and inconsistent sets of rules simply means that it remains ambiguous which rule prevails, and allows ethics rules to be used as tactical weapons in criminal cases and beyond.").  As an example, the United States' amicus brief filed with this Court cited a motion filed in a federal district court requesting that the United States disclose the names of confidential informants and "all information about the Informant that could be useful to the defense."  The request for information was not based on the prosecutor's legal duty under <u>Brady</u> but pursuant to the prosecutor's ethical obligations under Rule 3.8(d).  <u>See</u> <u>U.S. v. Darden</u>, 353 F. Supp. 3d 697, 722 (M.D. Tenn. 2018).  Thus, based on our review, we decline to interpret Rule 3.8(d) as providing any greater ethical obligation upon prosecutors than the constitutional obligations under <u>Brady</u> and its progeny.

       Moreover, the history of Rule 3.8(d) in Tennessee supports our understanding of the rule provision's parameters.  With the exception of the obligation to disclose the information to the tribunal at sentencing, no entity, including the Board, indicated through its comments to the proposed rule that the provision extended a prosecutor's ethical duties beyond the scope of a prosecutor's legal obligations under <u>Brady</u>.

---

La. R. Prof'l Conduct 3.8(d) (emphasis added).

Therefore, to now interpret the provision as extending beyond <u>Brady</u> effectively amends the Rule. For the reasons provided above, we decline to do so. Accordingly, we vacate section I of the Opinion.

Because we are vacating the Board's interpretation of Rule 3.8(d) as it relates to <u>Brady</u>, we take this opportunity to further clarify the rule provision. As the District of Columbia Court of Appeals addressed in <u>Kline</u>, we recognize that to say the obligations are completely coextensive could be interpreted to mean that a prosecutor could commit an ethical violation inadvertently. <u>See</u> <u>Kline</u>, 113 A.3d at 213 ("[A] <u>Brady</u> violation is not focused on the conduct of the prosecutor, only whether the evidence was potentially exculpatory and whether the outcome of the trial was seriously affected."). Conversely, Rule 3.8(d) states that the ethical duty arises for "information *known* to the prosecutor that tends to negate the guilt of the accused or mitigates the offense." Tenn. Sup. Ct. R. 8, RPC 3.8(d) (emphasis added). We note, however, that although our Rules of Professional Conduct define "known" as "actual awareness of the fact in question," the rule provision also provides that "[a] person's knowledge may be inferred from circumstances." Tenn. Sup. Ct. R. 8, RPC 1.0(f). Furthermore, we agree with the Board as it provided in its appellate brief that, in reviewing these matters, "all the circumstances, including a prosecutor's good faith, should be considered in determining a prosecutor's compliance with the Rules of Professional Conduct."

As noted above, the rule provision requires the disclosure to the defendant *and the tribunal* at sentencing, which differs from the obligations under <u>Brady</u>. <u>See</u> Tenn. Sup. Ct. R. 8, RPC 3.8(d). Thus, with this language being the only exception, we interpret Rule 3.8(d) as coextensive in scope with <u>Brady</u> and its progeny, recognizing that the prosecutor also must have knowledge of the information in order to establish an ethical duty to disclose.

*Definition of Timely*

The TNDAGC also argues that the Opinion's interpretation of "timely" as "as soon as reasonably practicable" runs afoul of the ordinary meaning of "timely" within the legal context.

The ABA Opinion sets forth the same definition for timely as adopted in the Board's Opinion. <u>See</u> ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 09-454, at 6 ("Because the defense can use favorable evidence and information most fully and effectively the sooner it is received, such evidence or information, once known to the prosecutor, must be disclosed under Rule 3.8(d) as soon as reasonably practical."). Likewise, other courts have adopted the same or similar definition. <u>See, e.g.</u>, <u>In re Larsen</u>, 379 P.3d 1209, 1215 (Utah 2016) (holding that, where its rules of criminal procedure require disclosure "as soon as practicable," "Rule 3.8(d) of the Utah Rules of Professional Conduct requires more than just disclosure; it requires 'timely disclosure'");

People v. Robinson, No. 2010QN040333, 2011 WL 7112937, at *2 (N.Y. Crim. Ct. Dec. 9, 2011) (stating that the New York Rules of Professional Conduct "require a prosecutor to make timely disclosure at the earliest feasible opportunity").

Under Brady and its progeny, "as long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001); see also State v. Vaughn, M2006-01659-CCA-R3-CD, 2008 WL 110094, at *6 (Tenn. Crim. App. Jan. 9, 2008) ("Tennessee courts analyze delayed disclosure differently from outright suppression, focusing on the prejudice of the delay. In United States v. Blood, the Sixth Circuit stated, 'Brady generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose and that a [d]elay only violates Brady when the delay itself causes prejudice.' 435 F.3d 612, 627 (6th Cir. 2006)." (other internal citations omitted)).

In United States v. Ruiz, 536 U.S. 622 (2002), the United States Supreme Court examined whether a prosecutor must disclose material impeachment evidence prior to entrance of a guilty plea. In concluding in the negative, the court provided the following reasoning:

First, impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ("knowing," "intelligent," and "sufficient[ly] aware"). . . .

. . . .

Second, . . . this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor. . . .

. . . .

At the same time, a constitutional obligation to provide impeachment information during plea bargaining, prior to entry of a guilty plea, could seriously interfere with the Government's interest in securing those guilty pleas that are factually justified, desired by defendants, and help to secure the efficient administration of justice. . . .

Consequently, the Ninth Circuit's requirement could force the Government to abandon its "general practice" of not "disclos[ing] to a

defendant pleading guilty information that would reveal the identities of cooperating informants, undercover investigators, or other prospective witnesses." Brief for United States 25. It could require the Government to devote substantially more resources to trial preparation prior to plea bargaining, thereby depriving the plea-bargaining process of its main resource-saving advantages. Or it could lead the Government instead to abandon its heavy reliance upon plea bargaining in a vast number—90% or more—of federal criminal cases. We cannot say that the Constitution's due process requirement demands so radical a change in the criminal justice process in order to achieve so comparatively small a constitutional benefit.

Id. at 629-32 (alterations in original).

The United States, in its amicus brief, argues that, if we agree with the Opinion's interpretation of timely, prosecutors arguably would be required under our ethical rules to provide material impeachment evidence to a defendant prior to entering a plea agreement, even though the United States Supreme Court has specifically stated that there is no constitutional obligation to do so. See id. This example demonstrates merely one problem with having an ethical obligation that is distinct from a prosecutor's constitutional obligations.

Because we already have interpreted Rule 3.8(d) as coextensive in scope with Brady and its progeny, we decline to interpret "timely" as any other definition than what is required constitutionally as a timely disclosure. Accordingly, we hereby vacate section II of the Board's Opinion.

## Conclusion

For the reasons stated above, we vacate the Board's Formal Ethics Opinion 2017-F-163. We also hold that, except as provided otherwise in this opinion, the ethical obligations under Rule 3.8(d) of Tennessee's Rules of Professional Conduct are coextensive in scope with the obligations of a prosecutor as provided by applicable statute, rules of criminal procedure, our state and federal constitutions, and case law.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE